# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2912

_____

| | | |
|---|---|---|
| Ameriguard, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| | * | |
| University of Kansas Medical Center | * | [UNPUBLISHED] |
| Research Institute, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 12, 2007
Filed: March 15, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ameriguard, Inc., appeals the district court's[1] dismissal of its Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, complaint against University of Kansas Medical Center Research Institute, Inc., ("Institute").

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Ameriguard alleged that the Institute violated the TCPA by sending an "unsolicited advertisement" via telephone facsimile machines and attached a copy of the facsimile to its complaint as an exhibit. The complaint was initially filed in Missouri state court but was removed by the Institute to federal court. Following removal, the Institute filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that the complaint should be dismissed for failure to state a claim upon which relief could be granted because the attached facsimile did not meet the statutory definition of an "unsolicited advertisement."

The TCPA provides that an "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5) (2005). Applying the definition set forth in the TCPA, the district court found that the facsimile did not meet the definition of an "unsolicited advertisement" and granted the motion to dismiss.

Having carefully reviewed the record, see Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam) (de novo standard of review), we agree with the district court that Ameriguard failed to state a claim upon which relief could be granted because the facsimile attached to the complaint does not constitute an "unsolicited advertisement" pursuant to the TCPA. See 47 U.S.C. § 227(a)(5) (defining unsolicited advertisement); Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001) (materials attached to the complaint may be considered when ruling on a Rule 12(b)(6) motion to dismiss).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____